# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SCOTT FIELDS § <br> § <br> v. § <br> § <br> TEXAS DEPARTMENT OF STATE § <br> HEALTH SERVICES, DAVID LACKEY, § <br> CITY OF SHERMAN, TEXAS, CARY § <br> WACKER, OTIS HENRY, SAM BOYLE, § <br> RYAN HAPIUK, JEFF JONES, GRAYSON § <br> COUNTY, TEXAS, TEXAS JUSTICE OF § <br> THE PEACE COURT NO 1, LARRY § <br> ATHERTON, JUDGE; OFFICE OF THE § <br> DISTRICT ATTORNEY FOR GRAYSON § <br> COUNTY, TEXAS, JOE BROWN, BRETT § <br> SMITH, KEITH GARY, 15TH JUDICIAL § <br> DISTRICT COURT OF GRAYSON § <br> COUNTY, TEXAS, JIM FALLON, JUDGE; § <br> JAMES DUNN, JOHN DOE, (OFFICER § <br> COLBERT); MIKE REEVES, GRAYSON § <br> COUNTY, TEXAS JUSTICE OF THE § <br> PEACE COURT NO. 3, OFFICE OF THE § <br> ATTORNEY GENERAL FOR THE STATE § <br> OF TEXAS § | Civil Action No. 4:16-CV-607 <br> (Judge Mazzant/Judge Nowak) |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the reports of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 15, 2017, the report of the Magistrate Judge (Dkt. #93) was entered containing proposed findings of fact and recommendations that Defendant Jim Fallon's Motion to Dismiss be granted (Dkt. #41). On August 21, 2017, the report of the Magistrate Judge (Dkt. #94) was entered containing proposed findings of fact and recommendations that the County Defendants' Motion to Dismiss (Dkt. #42) be granted. On September 13, 2017, the reports of the Magistrate Judge (Dkts. #100, #101, #102) were entered containing proposed findings of fact and recommendations

that Defendant Dunn be dismissed from Fields's Complaint pursuant to §1915, and that Defendant Gary's Motion to Dismiss (Dkt. #66) and the City Defendants' Motion to Dismiss (Dkt. #67) each be granted. Having received the reports and recommendations of the Magistrate Judge (Dkts. #93, #94, #100, #101, #102), having considered Fields's timely filed objections (Dkts. #97, #98, #111, #112, #113), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's reports (Dkts. #93, #94, #100, #101, #102) should be adopted as set forth below. Further, Fields's Motion for Leave of District Court to Amend Complaint Pleadings (Dkt. #107) is denied.

## RELEVANT BACKGROUND

*1.     General Background*

The underlying facts are set out in further detail by the Magistrate Judge and need not be repeated here in their entirety. Accordingly, the Court sets forth herein only those facts pertinent to Fields's objections. On August 12, 2014, Defendant David Lackey, the then-commissioner for the Texas Department of State Health Services ("DSHS"), and Defendant FNU Colbert, a DSHS officer, reported to the Sherman, Texas Police Department that Plaintiff Scott Fields ("Fields") left a phone message for Lackey, wherein Fields allegedly threatened to physically assault or murder Lackey. Fields claims the accusations made by DSHS Officers Lackey and Colbert were false because the phone message itself did not contain any statements whatsoever which could be construed as threats of violence, physical assault or murder against Lackey or anyone else (Dkt. #14 at 3).

Fields claims that thereafter Defendants City of Sherman, Texas, Sherman Mayor Cary Wacker, Sherman Police Chief Otis Henry, Sherman Police Officers Sam Boyle and Ryan Hapiuk, Grayson County Prosecutors Joe Brown and Brett Smith, Judges Larry Atherton, Mike Reeves, and Jim Fallon, and Fields's defense counsel James Dunn acted together to investigate charges

against Fields, and then formally charge, arrest, and prosecute Fields based on DSHS Officers Lackey and Colbert's false accusations of criminal activity (Dkt. #14 at 4). The Sherman police allegedly did not sufficiently investigate Lackey and Colbert's accusations, arrested Fields without probable cause, and should have contacted the Austin, Texas police force to investigate this case (Dkt. #14 at 14). City of Sherman police officers Henry, Boyle and Hapiuk investigated the false accusations and authored a related police report (Dkt. #14 at 15). Fields contends that the City of Sherman, Sherman Mayor Wacker, Officer Henry, and Grayson County Prosecutors Brown and Smith, allegedly directed the investigation (Dkt. #14 at 15). On August 19, 2014, Officer Hapiuk went to Fields's home for the purpose of obtaining Fields's recorded statement; Fields refused to respond to Officer Hapiuk's questions (Dkt. #14 at 18-19).

Subsequently, on August 22, 2014, after being presented a warrant application, Judge Atherton, a Grayson County justice of the peace, issued a warrant for Fields's arrest (Dkt. #14 at 20). Officer Hapiuk arrested Fields at his home during the afternoon of August 22, 2014 (Dkt. #14 at 22). On August 25, 2014, Judge Atherton arraigned Fields, ordered Fields's detention, and set Fields's bond at $75,000 (Dkt. #14 at 22). Further, Judge Atherton offered Fields the assistance of court-appointed counsel, but Fields declined (Dkt. #14 at 23). While Fields was in custody, Sheriff Gary allegedly kept Fields in solitary confinement at the Grayson County Jail from August 25, 2014 to November 2014 without cause, with no access to the law library, and with access to the recreation courtyard for one hour each day (Dkt. #14 at 22-23).

Fields claims that Lackey, Colbert, Officers Henry, Boyle, Hapiuk, and Jones, Judge Atherton, and Prosecutor Brown conspired together to present evidence before the grand jury in November 2014, which resulted in the grand jury charging Fields in a two-count indictment

3

(Dkt. #14 at 24). Fields alleges Judge Reeves, a Grayson County justice of the peace, failed to notice that the indictment was vague and ambiguous, and failed to state a crime (Dkt. #14 at 25). Fields's case was then assigned to Judge Jim Fallon, of the 15th Judicial District Court, Grayson County (Dkt. #14 at 25). Judge Fallon contacted Fields in jail with a further offer of court-appointed counsel. Fields accepted Judge's Fallon's offer, but insisted that the attorney not be from Grayson County. Judge Fallon appointed Dunn, a criminal defense attorney from Sherman, Texas (Dkt. #14 at 26). Attorney Dunn met with Fields at Grayson County Jail (Dkt. #14 at 26). Fields alleges Attorney Dunn conspired with law enforcement, the prosecutors and the judges against Fields, namely by refusing to challenge Fields's continued detention, and failing to file a motion to dismiss or a state habeas corpus petition (Dkt #14 at 27-28). After being detained for 215 days, Prosecutors Brown and Smith moved to dismiss the charges against Fields (Dkt. #14 at 4, 33).

On August 12, 2016, Fields filed the instant suit, and on January 9, 2017, the Court ordered Fields to file an amended complaint consolidating all factual allegations and claims against all Defendants into a single pleading (Dkt. #12). Fields timely complied, but soon after moved to further amend his complaint (Dkt. #16). The Court ordered Fields to file the requested Second Amended Complaint on or before April 7, 2017 (Dkt. #17). After Fields failed to file any amended complaint, the Court ordered the preparation of summons and the Marshal's service of Fields's First Amended Complaint and summons on Defendants (Dkt. #21). More specifically, Fields's allegations against each Defendant relevant to this memorandum adopting are:

*2.      Judge Jim Fallon*

Fields sues Judge Jim Fallon in both his official and individual capacity and seeks monetary damages (Dkt. #14 at 5-8). Specifically, Fields alleges that Judge Fallon failed to fulfill his judicial duties by allowing the prosecution to go forward and keeping Fields detained (Dkt. #14 at 29). Judge Fallon filed his Motion to Dismiss Fields's Claims on May 8, 2017 (Dkt. #41). The Court ordered Fields to respond to the Motion to Dismiss on June 8, 2017 (Dkt. #69). Fields's original Response to the Motion to Dismiss was filed on June 15, 2017 (Dkt. #71), and an amended Response was filed on June 29, 2017 (Dkt. #84). Judge Fallon filed a reply on June 22, 2017 (Dkt. #79). On August 15, 2017, the Magistrate Judge recommended that Defendant Fallon's Motion to Dismiss be granted because: (1) Fields's claims against Judge Fallon in his official capacity are barred by sovereign immunity; and (2) Fields's claims against Judge Fallon in his individual capacity are barred by absolute judicial immunity (Dkt. #93).

*3.      County Defendants*

Fields sues Grayson County Justice of the Peace Larry Atherton, Grayson County District Attorney Joe Brown, Grayson County Justice of the Peace Mike Reeves, Grayson County Prosecutor Brett Smith, and Grayson County, Texas (herein, the "County Defendants") under §§1983 and 1985 for monetary damages. Fields sued the individual defendants in both their official and individual capacities (Dkt. #14). Specifically, Fields alleges that Judge Reeves failed to notice that the indictment was vague, ambiguous, and failed to state a crime. Fields contends that Judge Atherton issued the warrant for Fields's arrest, presided over Fields's initial appearance and detention hearing following the arrest, offered to appoint counsel for Fields, and set a $75,000 bond. Fields argues that Prosecutors Smith and Brown violated Fields's constitutional rights because they guided the criminal investigation performed by Sherman police officers Henry, Boyle

5

and Hapiuk, pursued an indictment, prepared the case for trial, and ultimately dismissed the charges against Fields in March of 2015.  Finally, Fields alleges that Judges Reeves and Atherton, Prosecutors Brown and Smith, along with DSHS Officers Lackey and Colbert, City of Sherman, Texas, Officers Henry, Boyle, Hapiuk and Jones, and Attorney Dunn, "actively colluded and conspired" "to lodge or advance egregiously insufficient crime accusations against him [and] to usurp TxDSHS resources to lodge or advance crime accusation[s] against him."

The County Defendants filed their Motion to Dismiss on May 8, 2017 (Dkt. #42).  The Court ordered Fields to respond to the Motion to Dismiss on June 8, 2017 (Dkt. #69).  Fields's original Response to the Motion to Dismiss was filed on June 15, 2017 (Dkt. #72), and an amended Response was filed on June 29, 2017 (Dkt. #85).  On August 21, 2017, the Magistrate Judge recommended that the County Defendants' Motion to Dismiss be granted because: (1) Fields's claims against Grayson County and the individual County Defendants in their official capacities fail to state a claim because Fields fails to allege any Grayson County policy that caused injury to Fields; (2) Fields's state tort claims are barred by the Texas Tort Claims Act; (3) Fields's claims against Judges Atherton and Reeves in their individual capacities are barred by absolute judicial immunity; (4) Fields's claims against Smith and Brown in their individual capacities are barred by absolute prosecutorial immunity; and (5) Fields's conspiracy claims fail to allege the individual involvement of each of the County Defendants (Dkt. #94).

*4.     City Defendants*

Fields sued City of Sherman, Texas, Sherman Mayor Cary Wacker, and Officers Sam Boyle, Ryan Hapiuk and Jeff Jones (collectively "City Defendants") and Sherman Police Chief Otis Henry under §§1983 and 1985 for monetary damages.  Fields sued the individual defendants in both their official and individual capacities (Dkt. #14).  Specifically, Fields alleges that the City

Defendants and Officer Henry conspired together to raise "insufficient crime accusations against him." Fields contends that Mayor Wacker and Officer Henry "directed and guided" the conduct of the named city police officers. Further, Fields asserts that Officer Hapiuk violated Fields's constitutional rights by attempting to interview Fields and presenting a warrant application to a magistrate judge. Finally, Fields alleges Officer Henry, along with Officers Jones, Hapiuk and Boyce presented the results of the police investigation, which indicted Fields.

The City Defendants filed their Motion to Dismiss on June 7, 2017 (Dkt. #67). Fields's Response was filed on June 29, 2017 (Dkt. #82). On September 13, 2017, the Magistrate Judge recommended that the City Defendants' Motion to Dismiss be granted and Officer Henry should be dismissed from Fields's Complaint under §1915 because: (1) Fields's allegations fail to state a claim for conspiracy under §1985; (2) Fields's claims against the City of Sherman and the individual City Defendants and Officer Henry in their official capacities fail to state a claim because Fields fails to allege any City of Sherman policy that caused injury to Fields; (3) Fields's allegations against the City Defendants and Officer Henry fail to state a claim for relief under §1983 (Dkt. #102).

5.  *Defendant Gary*

Fields sued Sheriff Keith Gary in both his official and individual capacity and seeks monetary damages (Dkt. #14 at 5-8). Specifically, Fields alleges that following Fields's arrest, Fields was placed in solitary confinement from August 25, 2014 to November 2014, was allowed into the recreation courtyard only one time, and was not allowed to use the law library. Fields alleges that Sheriff Gary is liable for this treatment.

Sheriff Gary filed his Motion to Dismiss on June 7, 2017 (Dkt. #66). Fields's original Response to the Motion to Dismiss was filed on June 15, 2017 (Dkt. #73), and an amended Response was filed on June 29, 2017 (Dkt. #86). On September 13, 2017, the Magistrate Judge recommended that Defendant Gary's Motion to Dismiss be granted because: (1) Fields's claims against Sheriff Gary in his official capacities fail to state a claim because Fields fails to allege any Grayson County policy that caused injury to Fields; (2) Fields's state tort claims are barred by the Texas Tort Claims Act; and (3) Fields's allegations against Sheriff Gary fail to state a claim for relief under §1983 (Dkt. #101).

6. *Defendant Dunn*

Fields sued Attorney Dunn under §§ 1983 and 1985 for monetary damages (Dkt. #14 at 5-8). Specifically, Fields alleges Attorney Dunn conspired with law enforcement, the prosecutors, and the judges against Fields, refused to challenge the accusations against Fields and Fields's continued detention, and failed to file a motion to dismiss or a state habeas petition (Dkt. #14 at 27-28). Fields contends that "Dunn, through acts and omissions, actively colluded and conspired with Defendants Lackey, Colbert, City of Sherman, Texas, Henry, Boyle, Hapiuk, Atherton, Jones, Reeves, Brown and Smith to lodge or advance egregiously insufficient crime accusations against him" (Dkt. #14 at 28).

On August 13, 2017, the Magistrate Judge recommended that Attorney Dunn be dismissed from Fields's Complaint pursuant to §1915 because: (1) Fields's allegations fail to state a claim for conspiracy under §1985; and (2) Dunn, as Fields's court-appointed criminal defense counsel, is not a state actor under §1983 (Dkt. #100).

**PLAINTIFF'S OBJECTIONS**

Fields has filed objections to each of the Magistrate Judge's reports referenced herein (Dkts. #93, #94, #100, #101, #102). A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

Fields has objected to each of the Magistrate Judge's recommendations that the Court grant Defendants' Motions to Dismiss and dismiss Officer Henry and Attorney Dunn from his Complaint under §1915 (Dkts. #97, #98, #111, #112, #113). Specifically, Fields objects that: (1) "the district court has impermissibly revoked his entitlement to service of process and has likewise effectively impaired him from effectively litigating this cause;" (2) "the district court has balked and failed to properly address issues regarding whether or not Judge Amos Mazzant or Christine Nowak hold personal relationships or impermissible sentiment toward the named Defendants of this cause;" (3) "the attending magistrate has balked and failed to properly address his complaint pleadings" and "repeatedly coins Fields's complaint pleadings….[and] responses…to be unspecific and deficient;" (4) "the district court currently operates bogus and unauthorized protocols regarding this cause;" (5) "Judges Mazzant and Nowak alike have balked or failed to address Fields's allegations that Defendant Atherton, Reeves, Brown, Smith, and Grayson County, Texas ha[ve] coerced him from bringing various pleadings and claims amid this cause….[and] documents and evidence…from presentation and review;" (6) Judge Fallon and the County Defendants have impermissibly "omit[t]ed or bypass[ed] an answer protocol and instead delve[d] directly to a motion to dismiss protocol;" (7) the Magistrate Judge incorrectly considered Judge Fallon and the County Defendants' Motions to Dismiss by not subjecting their Motions to

"strict construction;" (8) the Magistrate Judge did not address Fields's prior objections raised regarding Judge Fallon and the County Defendants' Motions to Dismiss; and (9) the Magistrate Judge "omitted material facts from [its] review and likewise authored and yielded a magistrate report that gives a sketchy and omissive [sic] presentation of [Fields's] complaint and claims [against Judge Fallon and the County Defendants]."

Fields does not specifically object to the Magistrate Judge's findings that: (1) Fields's claims against Judge Fallon in his official capacity are barred by sovereign immunity; (2) Fields's claims against Judges Fallon, Atherton, and Reeves and Prosecutors Smith and Brown are barred by absolute immunity; (3) Fields's claims against the City of Sherman, the individual City Defendants and Officer Henry in their official capacities fail to state a claim because Fields fails to allege any City of Sherman policy that caused injury to Fields; (4) Fields's state tort claims are barred by the Texas Tort Claims Act; (5) Fields's claims against Grayson County, the individual County Defendants and Sheriff Gary in their official capacities fail to state a claim because Fields fails to allege any Grayson County policy that caused injury to Fields; (6) Fields's allegations against Sheriff Gary, the City Defendants, Officer Henry, and the County Defendants fail to state a claim for relief under §1983; (7) Fields's allegations fail to state a claim for conspiracy under § 1985; and (8) Fields's claims against Attorney Dunn fail to state a claim because Dunn is not a state actor under § 1983. As such, the Court adopts such findings and turns to analyze the objections.

## 1. *Service of Fields's Pleadings*

Fields objects that "this district court impermissibly revoked his entitlement to service of process by the United States Marshall [sic] Service; and likewise impaired his opportunities to plead and be heard regarding [Defendants'] motion[s] to dismiss." Specifically, Fields asserts that

because the Court allowed him to proceed *in forma pauperis*, "he is entitled to service of process regarding his every document filed amid this cause." Section 1915 allows Courts to grant indigent litigants permission to proceed without the prepayment of fees and appoint the U.S. Marshal Service to effectuate service of process (i.e., serve the named defendants with the summons and complaint). 28 U.S.C. § 1915 does not automatically cover all other costs associated with litigation, such as costs of service for documents other than the complaint. *See* 28 U.S.C. § 1915. By proceeding *in forma pauperis* in this cause, Fields does not have to pay the filing fee or pay for service of process for the summons and complaint. However, Fields is not automatically entitled to have the U.S. Marshal Service serve all the documents he files in this cause; instead, he must ask the Court for such relief. In the instant case, Fields never asked the Court for relief from any other costs other than the filing fee and service of process for the summons and complaint. Even so, Fields has failed to demonstrate such fact (that the Marshals did not serve each document he filed) has or could have kept him from prosecuting his case or responding to the Motions to Dismiss. Insofar as Fields alleges, every pleading filed by Fields has been considered by the Court. Accordingly, this objection is overruled.

*2. Disqualification*

Fields next argues that "the district court has balked and failed to properly address issues regarding whether or not Judge Amos Mazzant or Christine Nowak hold personal relationships or impermissible sentiment toward the named Defendants of this cause." In its Report and Recommendation, the Magistrate Judge noted:

> Fields's responses state that the judges assigned in the above-captioned file (the undersigned Magistrate Judge and the assigned presiding judge, District Judge Amos Mazzant), are biased in their management of this litigation and their review of Fields's Complaint. To the extent Fields's responses could be construed as a motion for recusal of the undersigned magistrate judge, there is no basis for the motion, and it is denied as lacking any merit.

(Dkt. #93 at 8, n. 2). As such, Fields is incorrect that the Court has not considered his complaint that the Judges in this matter are biased in their management of this case. Further, upon independent review, the Court agrees with the Magistrate Judge's conclusion that Fields's argument is without merit.

Under 28 U.S.C. § 455, Fields, as the party moving to recuse, bears "a heavy burden of proof" in showing the Court should recuse. *E.g.*, *United States v. Reggie*, No. 13-111-SDD-SCR, 2014 WL 1664256, at *2 (M.D. La. Apr. 25, 2014). The statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The decision whether to recuse under § 455 is committed to the sound discretion of the Court asked to recuse. *See, e.g.*, *Garcia v. City of Laredo*, 702 F.3d 788, 793-94 (5th Cir. 2012); *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (quoting *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982)).

The U.S. Supreme Court has made clear "[t]he recusal inquiry must be made from the perspective of a *reasonable* observer who is *informed of all the surrounding facts* and circumstances." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 924 (2004) (emphases added); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1098 (2017). The Fifth Circuit has interpreted this mandate to mean that "[courts] ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person" while remaining "mindful that an observer of our judicial system is less likely to credit judges' impartiality than the judiciary" would be. *United States v. Jordan*, 49 F.3d 152, 156-57 (5th Cir. 1995). Indeed, the statute exists to mandate recusal in cases where it truly appears (or is the case that) the presiding judge cannot consider the

case impartially—not where a litigant's speculation based on incomplete information implies concealment and impropriety. *See* H.R. REP. NO. 93-1453, at 6355 (1974). Further, the recusal inquiry is "extremely fact intensive and fact bound" and requires "a close recitation of the factual basis for the . . . recusal motion" by the movant. *Republic of Panama v. Am. Tobacco Co., Inc.*, 217 F.3d 343, 346 (5th Cir. 2000). A court's own analysis must likewise "be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the facts and circumstances of the particular claim." *Id.*; *see also United States v. Bremers*, 195 F.3d 221, 226-27 (5th Cir. 1999) (finding that a "similar situation" presented in another case calling for the same district judge's recusal merited independent consideration).

In the instant case, Fields neither cites any legal authority for his proposition that the undersigned or the Magistrate Judge should be disqualified from presiding over this case, nor does he allege any facts that support his conclusion. Fields's unfounded contention that "Judges Mazzant and Nowak both know some or many of the defendants of this cause; and have personal time with them in the same," even if true, without more, is insufficient for recusal. Accordingly, this objection is overruled.

### 3. *Timing of Defendants' Motions to Dismiss*

Fields argues that Judge Fallon and the County Defendants have impermissibly "omit[t]ed or bypassed an answer protocol and instead delve[d] directly to a motion to dismiss protocol." Fields specifically asserts that Judge Fallon and the County Defendants filed their Motions to Dismiss "to swamp him to voluminous terms of this motion to dismiss protocol amid factual and legal quagmires abound, to scurry his first amended complaint to review for dismiss, and to upend him from any further amendment of his complaint pleadings." (Dkt. #97 at 19). Fields's argument is meritless. Under Federal Rule of Civil Procedure 12(b), if a defendant desires to assert a Rule

13

12(b) defense by motion, then he must do so before filing his answer. *See also* 5C A.C. Wright, A. Miller & M. Kane, Federal Practice and Procedure §1361 (2017). Judge Fallon and the County Defendants are not engaging in gamesmanship by filing their Motions to Dismiss prior to filing their Answers; they are merely following the Federal Rules of Civil Procedure. Accordingly, this objection is overruled.

### 4. *Strict Construction*

Fields objects that the Magistrate Judge failed to submit Judge Fallon and the County Defendants' Motions to Dismiss to "strict construction." According to Fields, had the Magistrate Judge held these Motions to Dismiss to a higher standard, it would have found the Motions to Dismiss contained a fatal error in that both were addressed "directly to Judge Nowak" and these defendants "[have] never even lodged any valid motion to dismiss with this district court" (Dkt. #97 at 15). Under 28 U.S.C. § 636(b)(1)(B), "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of [a motion to dismiss]." The case was referred to the Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. Accordingly, Judge Fallon and the County Defendants did not err in addressing their Motions to Dismiss to the Magistrate Judge, who bore responsibility for making a recommendation to this Court on such motions, and did not fail to "lodge[] any valid motion to dismiss with this district court." This objection is overruled.

### 5. *Fields's Coercion Claims*

Fields objects that "Judges Mazzant and Nowak alike have balked or failed to address Fields's allegations that Defendant Atherton, Reeves, Brown, Smith, and Grayson County, Texas [and Judge Fallon] ha[ve] coerced him from bringing various pleadings and claims amid this

cause….[and] documents and evidence…from presentation and review"(Dkts. #97 at 11; #98 at 12). In his First Amended Complaint, Fields complains that Judge Fallon coerced him "to speak with Grayson County prosecutors despite [Fields's] expressed demand for a purely silent defense; harped to Fields that he or attorney James Dunn had filed no motions" (Dkt. #14 at 29). Aside from this single allegation which directly contradicts his objection, Fields does not raise any other mention of coercion in his complaint. "The filing of objections is not an opportunity for Fields[] to…present new arguments." *Green v. Bank of Am., N.A.*, No. 4:13CV92, 2013 WL 6178499, at *1 (E.D. Tex. Nov. 25, 2013) (Clark, J.).

Regardless, this argument is meritless. As the Magistrate Judge correctly found, Fields's claims against Judge Fallon and the County Defendants fail to state a claim for relief. Fields's claims against Judge Fallon are barred by sovereign immunity and judicial immunity: Fields's new bare accusation that Judge Fallon kept him from presenting certain claims and evidence does not alter that conclusion. Moreover, Fields's conclusory allegations against the County Defendants fail to state a claim for relief. Fields does not state what these pleadings were or what this evidence consisted of. Fields does not detail what actions or omissions were taken by these defendants to prevent him from presenting these pleadings or arguments. Accordingly, this objection is overruled.

### 6. *Fields's Conclusory Objections*

Fields argues that the Report and Recommendation failed to address material facts in Fields's Complaint. Fields asserts that the "magistrate report gives a sketchy and omissive [sic] presentation of his complaint." Fields fails to allege what material facts were omitted by the Magistrate Judge, and upon independent review of Fields's pleadings and the Report and Recommendation, the Court finds that this conclusory objection is meritless.

Along the same vein, Fields argues that the Magistrate Judge discounted Fields's Complaint and Responses to Defendants' Motions to Dismiss by labeling them as "unspecific and deficient." Fields fails to address how this characterization is incorrect, and moreover, upon independent review of Fields's Complaint and Responses, the Court agrees with the Magistrate Judge's characterization that these pleadings are unspecific and deficient. Fields also objects that the Magistrate Judge did not address Fields's prior objections raised regarding Judge Fallon and the County Defendants' Motions to Dismiss. Fields alleges in his Objection that "Fields filed those objections with this district court on _____. (Dckt. ____)." (Dkts. #97 at 16, #98 at 19). Fields does not identify when these alleged objections were filed or what docket number they were filed under. Fields also does not reiterate the substance of these objections. Broadly construing Fields's objection that the Magistrate Judge did not consider his prior objections, insofar as Fields is referring to his responses to Defendants' Motions to Dismiss, the Court finds that the Magistrate Judge aptly considered his responses in recommending that Defendants' Motions to Dismiss be granted.

Finally, Fields argues that "the district court currently operates bogus and unauthorized protocols regarding this cause." Fields fails to provide any examples of the allegedly bogus and unauthorized protocols. Additionally, Fields does not describe or provide authority that the district court's handling of this matter is unauthorized. Because Fields fails to support these objections with any specific argument or evidence, the Court finds that all are unsupported by the record. Even though Fields is proceeding *pro se*, he must support his objections with facts and argument. Accordingly, these objections are overruled.

## 7. *Fields's Motion for Leave to Amend*

Fields filed a Motion for Leave of District Court to Amend Complaint Pleadings on September 25, 2017 (Dkt. #107).[1] Fields asserts that he "has need to amend his complaint pleadings in this cause" (Dkt. #107 at 1). Defendants City of Sherman, Officers Wacker, Boyle, Hapiuk and Jones, Grayson County, Judge Atherton, Prosecutors Brown and Smith, Sheriff Gary, Judge Reeves, and Judge Fallon filed a Response in opposition to Fields's Motion for Leave to Amend Complaint (Dkt. #116). These Defendants argue that "Fields's Motion for Leave is both deficient and futile, and therefore, should be denied" (Dkt. #116 at 1). The Response further argues that "Fields was previously given opportunity to amend and was previously ordered to file any amendment by February 27, 2017. Later, the Court granted a prior Motion for Leave of Court to Amend Pleadings and ordered any amendment to be filed April 7, 2017." (Dkt. #116 at 1-2). The Response adds that Fields's Motion is deficient because it does not include Fields's proposed amendment, and that the new arguments Fields mentions in his Motion are futile because they "fail to overcome the immunities asserted by [Defendants]" and do not "address the basis for dismissal found in the…Reports and Recommendations" (Dkt. #116 at 2).

As an initial matter, Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading once as a matter of course within: (A) 21 days of serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."

---

[1] Plaintiff also filed Plaintiff's Motion to Deem September 25, 2017 Filing As Filed on September 22, 2017 (Dkt. #108), wherein Plaintiff requests the Court to construe his Motion for Leave as filed on September 22, 2017. Because the Court denies Plaintiff's Motion for Leave for reasons other than its September 25, 2017 filing, Plaintiff's Motion to Deem is denied as moot.

Fields is not entitled to his requested relief under Rule 15(a)(1)(A)-(B) or Rule 15(a)(2). Fields filed his First Amended Complaint (Dkt. #14) on February 27, 2017. The last-filed Motion to Dismiss was filed (Dkt. #67) on June 7, 2017. Fields filed the instant Motion for Leave on September 25, 2017. Rule 15(a)(1) does not apply because Fields seeks to file his Second Amended Complaint more than twenty-one (21) days after service of his Amended Complaint and/or Defendants' Motions to Dismiss. Additionally, the Court finds that Rule 15(a)(2) does not apply here because justice does not require the Court grant Fields leave to further amend. First, in its September 9, 2016 Order, the Court gave Fields until November 16, 2016 to file an amended complaint setting forth "*all* factual allegations and claims against all Defendants" (Dkt #4). Second, on December 28, 2016, the Court gave Fields an additional sixty days to file an amended complaint (Dkt. #11). Third, in its January 9, 2017 Order, the Court gave Fields until February 27, 2017 to file an amended complaint (Dkt. #12). Fourth, in its March 23, 2017 Order, the Court allowed Fields until April 7, 2017 to file an amended complaint (Dkt. #17). Fields failed to take advantage of any opportunity provided by the Court to amend his deficient pleading.

Moreover, Fields's Motion for Leave neither sufficiently details the addition of any new parties or claims, nor remedies the deficiencies in Fields's current pleading. Fields fails to argue any reason why he should now be granted leave to amend his complaint. Further, Fields states no reason, much less a compelling reason, for seeking to amend his complaint nearly six months after the Court last ordered him to do so. The Court previously provided Fields ample opportunity to file an amended complaint setting forth any and all factual allegations and/or claims asserted by Fields in this matter (Dkts. #4, #11, #12, #17). Fields may not further amend his complaint as a matter of course, nor does justice require any such amendment. Additionally, Local Rule CV-7(k) states "[m]otions for leave to file a document should be filed separately and immediately before

the document for which leave is sought." Because Fields failed to attach his proposed amended complaint, Fields's Motion for Leave is deficient under Local Rule CV-7(k). Accordingly, Fields's Motion for Leave of District Court to Amend Complaint Pleadings is denied.

## CONCLUSION

Having considered Fields's timely filed objections (Dkts. #97, #98, #111, #112, #113), and having conducted a de novo review, the Court adopts the Magistrate Judge's reports (Dkts. #93, #94, #100, #101, #102) as the findings and conclusions of the Court.

It is **ORDERED** that Defendant Jim Fallon Motion to Dismiss (Dkt. #41), the County Defendants' Motion to Dismiss (Dkt. #42), Defendant Keith Gary's Motion to Dismiss (Dkt. #66), and the City Defendants' Motion to Dismiss (Dkt. #67) each be **GRANTED**. It is further **ORDERED** that each and every of Fields's claims against Defendants City of Sherman, Texas, Cary Wacker, Sam Boyle, Ryan Hapiuk, Jeff Jones, Grayson County, Texas, Texas Justice of the Peace Court No. 1, Judge Larry Atherton, Office of the District Attorney for Grayson County, Texas, Joe Brown, Brett Smith, Keith Gary, 15th Judicial District Court of Grayson County, Texas, Judge Jim Fallon, Mike Reeves, and Grayson County, Texas Justice of the Peace Court No. 3 are **DISMISSED**.

It is further **ORDERED** that Fields's claims against Defendants Otis Henry and James Dunn are **DISMISSED** pursuant to § 1915.

It is finally **ORDERED** that Fields's Motion for Leave of District Court to Amend Complaint Pleadings (Dkt. #107) and Fields's Motion to Deem September 25, 2017 Filing As Filed on September 22, 2017 (Dkt. #108) are **DENIED**.

**IT IS SO ORDERED**.
**SIGNED this 19th day of October, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE