# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SCOTT FIELDS § | |
| § | Civil Action No. 4:16-CV-607 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| TEXAS DEPARTMENT OF STATE § | |
| HEALTH SERVICES, DAVID LACKEY, § | |
| JOHN DOE, (OFFICER COLBERT), § | |
| OFFICE OF THE ATTORNEY GENERAL § | |
| FOR THE STATE OF TEXAS § | |

## MEMORANDUM ADOPTING IN PART REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On September 15, 2017, the report of the Magistrate Judge (Dkt. #103) was entered containing proposed findings of fact and recommendations that Defendant Dr. David Lackey and Respondent Office of the Attorney General's Motion to Dismiss (Dkt. #63) be granted in part. Having received the report and recommendation of the Magistrate Judge (Dkt. #103), having considered Plaintiff Scott Fields's objections (Dkt. #110), Dr. David Lackey and the Office of the Attorney General's objections (Dkt. #109) and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report (Dkt. #103) should be adopted in part as set forth below.

### RELEVANT BACKGROUND

*1.  General Background*

The underlying facts are set out in further detail by the Magistrate Judge and need not be repeated here in their entirety. Accordingly, the Court sets forth herein only those facts pertinent to the Parties' objections. On August 12, 2014, Defendant Dr. David Lackey, the then-commissioner for the Texas Department of State Health Services ("DSHS"), and Defendant FNU

Colbert, a DSHS officer, reported to the Sherman, Texas Police Department that Plaintiff Scott Fields ("Fields") left a phone message for Dr. Lackey, wherein Fields allegedly threatened to physically assault or murder Dr. Lackey. Fields claims the accusations made by Dr. Lackey and Officer Colbert were false because the phone message itself did not contain any statements whatsoever which could be construed as threats of violence, physical assault or murder against Dr. Lackey or anyone else (Dkt. #14 at p. 3).

Fields claims that thereafter Defendants City of Sherman, Texas, Sherman Mayor Cary Wacker, Sherman Police Chief Otis Henry, Sherman Police Officers Sam Boyle and Ryan Hapiuk, Grayson County Prosecutors Joe Brown and Brett Smith, Judges Larry Atherton, Mike Reeves, and Jim Fallon, and Fields's defense counsel James Dunn acted together to investigate charges against Fields, and then formally charge, arrest, and prosecute Fields based on Dr. Lackey and Officer Colbert's false accusations of criminal activity (Dkt. #14 at pp. 3-4). After being detained for 215 days, the charges against Fields were dismissed (Dkt. #14 at pp. 4, 33).

On August 12, 2016, Fields filed the instant suit, and on January 9, 2017, the Court ordered Fields to file an amended complaint consolidating all factual allegations and claims against all Defendants into a single pleading (Dkt. #12). Fields timely complied, but soon after moved to further amend his complaint (Dkt. #15). The Court ordered Fields to file the requested Second Amended Complaint on or before April 7, 2017 (Dkt. #17). After Fields failed to file any amended complaint, the Court ordered the preparation of summons and the Marshal's service of Fields's First Amended Complaint and summons on Defendants (Dkt. #21). On October 19, 2017, the Court dismissed Fields's claims against each of Defendants Otis Henry, James Dunn, City of Sherman, Texas, Cary Wacker, Sam Boyle, Ryan Hapiuk, Jeff Jones, Grayson County, Texas, Grayson County, Texas Justice of the Peace Court No. 1, Judge Larry Atherton, Office of the

District Attorney for Grayson County, Texas, Joe Brown, Brett Smith, Keith Gary, 15th Judicial District Court of Grayson County, Texas, Judge Jim Fallon, Mike Reeves, and Grayson County, Texas Justice of the Peace Court No. 3 (Dkt. #117). Accordingly, the Office of the Attorney General, the DSHS, Dr. Lackey, and Officer Colbert are the only remaining defendants in this action.

Dr. Lackey and the Office of the Attorney General filed their Motion to Dismiss on May 30, 2017 (Dkt. #63). On June 15, 2017, Fields filed his original response (Dkt. #70), and on June 29, 2017, Fields filed his supplemental response (Dkt. #81). The Magistrate Judge entered a Report and Recommendation on September 15, 2017, recommending partially granting the Motion to Dismiss (Dkt. #103). Specifically, the Magistrate Judge found that: (1) Fields's claims against the Office of the Attorney General, the DSHS, and Dr. Lackey and Officer Colbert in their official capacities should be dismissed for lack of subject matter jurisdiction pursuant to Eleventh Amendment immunity (Dkt. #103 at pp. 9–12); (2) Fields's claims against Dr. Lackey are not barred by the statute of limitations (Dkt. #103 at pp. 12–13); (3) Fields's claims against Dr. Lackey and Officer Colbert in their individual capacities should not be dismissed (Dkt. #103 at p. 16); and (4) Fields should be ordered to file a Rule 7(a) reply that addresses Dr. Lackey and Officer Colbert's qualified immunity defense and clarifies his (potential) malicious prosecution claim (Dkt. #103 at p. 16). Dr. Lackey filed his objections to the Report and Recommendation on September 28, 2017 (Dkt. #109). Fields filed his objections to the Report and Recommendation on October 2, 2017 (Dkt. #110).

## OBJECTIONS

Fields and Dr. Lackey have filed objections to the Magistrate Judge's report referenced herein (Dkt. #103). A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

Fields has objected to the Magistrate Judge's recommendation that the Court dismiss his claims against the Office of the Attorney General, DSHS, and Dr. Lackey and Officer Colbert in their official capacities. Specifically, Fields objects that: (1) "this district court has impermissibly revoked [] his entitlement to service of process and has likewise effectively impaired him from effectively litigating this cause" (Dkt. #110 at pp. 1–2); (2) "this district court has balked and failed to properly address issues regarding whether or not Judge Amos Mazzant or Judge Christine Nowak hold personal relationships or impermissible sentiment toward the named Defendants" (Dkt. #110 at p. 2); (3) "the attending magistrate has balked and failed to properly address his complaint pleadings" (Dkt. #110 at p. 2); and (4) "this district court currently operates bogus and unauthorized protocols regarding this cause" (Dkt. #110 at p. 2). Notably, each of Fields's objections to the Report and Recommendation currently before the Court are identical and/or substantially similar to the objections Fields previously raised in connection with the Magistrate Judge's related Reports and Recommendations in this case (*see* Dkts. #97, #98, #111, #112, #113). The Court has already considered and subsequently overruled each of Fields's objections in its Memorandum Adopting Report and Recommendation of United States Magistrate Judge (Dkt. #117). Notwithstanding, the Court again sets forth herein its analysis of such objections.

Dr. Lackey makes a singular objection; he objects to the Magistrate Judge's recommendation that Fields's claims against Dr. Lackey in his individual capacity should not be dismissed at this stage, and instead, Fields should be ordered to file a Rule 7(a) reply (Dkt. #109). Specifically, Dr. Lackey objects that because Fields "failed to demonstrate the inapplicability of the qualified immunity defense," (Dkt. #109 at p. 2) (internal quotation marks omitted), and "failed to state a colorable claim," Fields's claims against Dr. Lackey in his individual capacity should have been dismissed on these bases (Dkt. #109 at p. 2). Dr. Lackey also objects to the Magistrate Judge's recommendation to provide Fields "a second opportunity to respond to Defendant Colbert's qualified immunity defense" because Fields should not be "entitled to continue pursuing claims against a fictional party" (Dkt. #109 at p. 3) (internal quotation marks omitted).

Neither Fields nor Dr. Lackey specifically object to the Magistrate Judge's findings that: (1) Fields's claims against the Office of the Attorney General, DSHS, and Dr. Lackey and Officer Colbert in their official capacities should be dismissed for lack of subject matter jurisdiction pursuant to Eleventh Amendment immunity; and that (2) Fields's claims against Dr. Lackey are not barred by the statute of limitations (Dkt. #103 at pp. 12–13). As such, the Court adopts such findings and turns to analyze both Fields and Dr. Lackey's objections.

## 1. *Service of Fields's Pleadings*

Fields objects that "this district court impermissibly revoked []his entitlement to service of process and likewise impaired him from effectively litigating this cause" (Dkt. #110 at p. 2). 28 U.S.C. § 1915 does not automatically cover all other costs associated with litigation, such as costs of service for documents other than the complaint. *See* 28 U.S.C. § 1915. By proceeding *in forma pauperis* in this cause, Fields does not have to pay the filing fee or pay for service of process

5

for the summons and complaint (*see* Dkt. #4). But, Fields is not automatically entitled to have the U.S. Marshal Service serve all the documents he files in this cause; instead, he must ask the Court for such relief. In the instant case, Fields did not ask the Court for relief from any other costs other than the filing fee and service of process for the summons and complaint. Even so, Fields has failed to demonstrate how such a fact (that the Marshals did not serve each document he filed) has or could have kept him from prosecuting his case. Insofar as Fields alleges, every pleading filed by Fields has been considered by the Court. Accordingly, this objection is overruled.

*2.    Disqualification*

Fields next argues that "this district court has balked and failed to properly address issues regarding whether or not Judge Amos Mazzant or Judge Christine Nowak hold personal relationships or impermissible sentiment toward the named Defendants" (Dkt. #110 at p. 2). Under 28 U.S.C. § 455, Fields, as the party moving to recuse, bears "a heavy burden of proof" in showing the Court should recuse. *See, e.g.*, *United States v. Reggie*, No. 13-111-SDD-SCR, 2014 WL 1664256, at *2 (M.D. La. Apr. 25, 2014). The statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The decision whether to recuse under § 455 is committed to the sound discretion of the Court asked to recuse. *See, e.g.*, *Garcia v. City of Laredo*, 702 F.3d 788, 793-94 (5th Cir. 2012); *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (quoting *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982)).

The U.S. Supreme Court has made clear "[t]he recusal inquiry must be made from the perspective of a *reasonable* observer who is *informed of all the surrounding facts* and circumstances." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 924 (2004) (emphases added); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016), *cert.*

*denied*, 137 S. Ct. 1098 (2017). The Fifth Circuit has interpreted this mandate to mean that "[courts] ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person" while remaining "mindful that an observer of our judicial system is less likely to credit judges' impartiality than the judiciary" would be. *United States v. Jordan*, 49 F.3d 152, 156-57 (5th Cir. 1995). Indeed, the statute exists to mandate recusal in cases where it truly appears (or is the case that) the presiding judge cannot consider the case impartially—not where a litigant's speculation based on incomplete information implies concealment and impropriety. *See* H.R. REP. NO. 93-1453, at 6355 (1974). Further, the recusal inquiry is "extremely fact intensive and fact bound" and requires "a close recitation of the factual basis for the . . . recusal motion" by the movant. *Republic of Panama v. Am. Tobacco Co., Inc.*, 217 F.3d 343, 346 (5th Cir. 2000). A court's own analysis must likewise "be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the facts and circumstances of the particular claim." *Id.*; *see also United States v. Bremers*, 195 F.3d 221, 226-27 (5th Cir. 1999) (finding that a "similar situation" presented in another case calling for the same district judge's recusal merited independent consideration).

In the instant case, Fields fails to raise any legal authority or factual support for his proposition that the undersigned or the Magistrate Judge should be disqualified from presiding over this case. Fields's unfounded contention that "Judge Amos Mazzant or Judge Christine Nowak hold personal relationships" with the Defendants, even if true, without more, is insufficient for recusal. Accordingly, this objection is overruled.

3. *Fields's Conclusory Objections*

Fields argues that the Magistrate Judge's Report and Recommendation "balked and failed to properly address his complaint pleadings" (Dkt. #110 at p. 2). Fields fails to allege what

arguments or facts were overlooked or not considered by the Magistrate Judge in its Report and Recommendation. Upon independent review of Fields's pleadings and the Report and Recommendation, the Court finds that this conclusory objection is meritless.

Finally, Fields objects that "this district court currently operates bogus and unauthorized protocols regarding this cause" (Dkt. #110 at p. 2). Fields fails to provide any examples of the allegedly bogus and unauthorized protocols. Additionally, Fields does not describe or provide authority that the district court's handling of this matter is unauthorized. Because Fields fails to support this objection with any specific argument or evidence, the Court finds it is unsupported by the record. Even though Fields is proceeding *pro se*, he must support his objections with facts and argument. Accordingly, this objection is overruled.

### 4. *Rule 7(a) Reply*

Dr. Lackey objects to the Magistrate Judge's recommendation that Fields's claims against him in his individual capacity should not be dismissed, and that Fields be allowed to file a Rule 7(a) reply (Dkt. #109). Specifically, Dr. Lackey argues that because Fields "failed to demonstrate the inapplicability of the qualified immunity defense," and "failed to state a colorable claim," Fields's claims against Dr. Lackey in his individual capacity should have been dismissed on these bases (Dkt. #109 at p. 2). The Magistrate Judge found:

> Viewing in the light most favorable to Plaintiff, his allegations regarding Lackey's false accusations, the Court is not convinced at this time that the Motion to Dismiss should be granted. Instead, the Court finds that Plaintiff should be ordered to file a Rule 7(a) reply that addresses Defendants' qualified immunity defense and: (1) clarifies under which constitutional right he brings his malicious prosecution claim; and (2) responds with specific, concrete facts demonstrating Defendant Lackey and Colbert acted without probable cause and acted with malice in making false accusations about Plaintiff's phone message.

(Dkt. #103 at p. 16). Further, the Magistrate Judge recommended that Fields be ordered to respond to Dr. Lackey and Officer Colbert's immunity defense by filing a Rule 7(a) reply (or an amended

8

complaint), "and that the reply should specifically: (1) clarify under which constitutional right Plaintiff brings his malicious prosecution claim; and (2) respond with specific, concrete facts that demonstrate Defendant Lackey and Colbert acted without probable cause and acted with malice in making false accusations about Plaintiff's phone message" (Dkt. #103 at p. 17).

At the pleading stage, an individual defendant official is entitled to qualified immunity "unless [the] plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011). The qualified immunity analysis has two steps, which can be taken up in either order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). A defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it. In other words, existing precedent must have placed the statutory or constitutional question confronted by the official beyond debate. *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014).

"When a public official pleads the defense of qualified immunity, a district court has discretion under Rule 7(a) to require the plaintiff to file a reply specifically tailored to that defense." *Hatcher v. City of Grand Prairie*, No. 3:14-CV-432-M, 2014 WL 3893907, at *8–9 (N.D. Tex. Aug. 6, 2014) (citing *Schultea v. Wood,* 47 F.3d 1427, 1433 (5th Cir. 1995)). "A Rule 7(a) reply is required when a plaintiff pleads only sparse details of claimed wrongdoing by officials." *Id*. (citing *Reyes v. Sazan,* 168 F.3d 158, 161 (5th Cir. 1999) (Plaintiffs' "pleading was little more than a bare conclusion, and the district court erred in finding the complaint to be sufficient. Rather, it should first have ordered a reply, and if the required detail was not forthcoming, dismiss the complaint.")).

Here, Fields pleads only sparse details of claimed wrongdoing by Dr. Lackey and Officer Colbert, necessitating the need for a Rule 7(a) reply. As recommended by the Magistrate Judge, the Court orders Fields to file a Rule 7(a) reply within 14 days from the date of this Order, addressing the inapplicability of the qualified immunity defense and specifically (1) clarifying under which constitutional right he brings his malicious prosecution claim; and, (2) alleging facts demonstrating Dr. Lackey and Officer Colbert acted without probable cause and acted with malice in making false accusations about Fields's phone message.

Dr. Lackey also objects to the Magistrate Judge's recommendation to provide Fields "a second opportunity to respond to Defendant Colbert's qualified immunity defense" because Fields should not be "entitled to continue pursuing claims against a fictional party" (Dkt. #109 at p. 3) (internal quotation marks omitted). This objection lacks merit. The Court is not convinced at this time that Officer Colbert is a fictional party. Officer Colbert has been identified and named by Plaintiff, and was served by certified mail, return receipt requested on April 17, 2017 (Dkt. #61). Additionally, discovery is stayed pending resolution of the immunity claims (Dkt. #104). Thus Fields has not had adequate opportunity to confirm or further identity Officer Colbert. In *Cowart v. Dallas County Jail*, the Fifth Circuit rejected a district court's dismissal for a plaintiff's failure to identify John Doe defendants with enough specificity to allow service, and stated that "[the plaintiff] was likely entitled to conduct discovery to determine the identities of the unnamed defendants, as '[i]t is conceivable that' readily available documentation would reveal the identities of some of the John Doe defendants. 439 F. App'x 332, 333 (5th Cir. 2011); *see also Williams v. Certain Individual Employees of TDC–ID at Jester Unit,* 480 F. App'x 251 (5th Cir. 2010) (district court abused its discretion by granting summary judgment without adequate discovery, even if only to learn the employee's identity); *Gallegos v. Slidell Police Department,* 304 F. App'x 327

(5th Cir. 2008) (holding that the plaintiff was "likely entitled to conduct discovery to determine the identities of the unnamed defendants."). In the instant case, discovery is stayed pending resolution of the immunity claims (Dkt. #104). Accordingly, it would be inappropriate to dismiss Fields's claims against Officer Colbert on this basis. *See Mathews v. Bowie Cty.*, No. 5:12-CV-82, 2013 WL 5142381, at *16 (E.D. Tex. Sept. 13, 2013). Dr. Lackey's objections are overruled in part.

## CONCLUSION

Having considered both Fields's timely filed objections (Dkt. #110), Dr. Lackey's timely filed objections (Dkt. #109), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #103) as the findings and conclusions of the Court.

It is **ORDERED** that Defendant Dr. David Lackey's and Respondent Office of the Attorney General's Motion to Dismiss (Dkt. #63) is **GRANTED IN PART**. The following claims are **DISMISSED**:

- Fields's claims against the Office of the Attorney General,
- Fields's claims against the Texas Department of State Health Services,
- Fields's § 1983 claims against Dr. David Lackey in his official capacity, and
- Fields's § 1983 claims against Officer Colbert in his official capacity.

As such, only Fields's § 1983 claims against Dr. Lackey and Officer Colbert in their individual capacities remain in this suit. The Court REJECTS the recommendation of the Magistrate Judge denying the Motion to Dismiss as to Fields's claims against Dr. Lackey in his individual capacity. The Clerk's Office is instructed to leave the Motion to Dismiss as an open motion pending further review by the Magistrate Judge.

It is further **ORDERED** that Plaintiff Fields shall file a Rule 7(a) reply within 14 days from the date of this Order, addressing the inapplicability of the qualified immunity defense and specifically (1) clarifying under which constitutional right he brings his malicious prosecution claim; and, (2) alleging facts demonstrating Dr. Lackey and Officer Colbert acted without probable cause and acted with malice in making false accusations about Plaintiff's phone message. After consideration of the Rule 7(a) reply and any additional briefing deemed necessary by the Magistrate Judge, the Magistrate Judge should enter an amended report and recommendation on the motion to dismiss addressing these claims.

    **IT IS SO ORDERED**.
    **SIGNED this 7th day of December, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE