# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SCOTT FIELDS <br><br> v. <br><br> TEXAS DEPARTMENT OF STATE <br> HEALTH SERVICES, DAVID LACKEY, <br> JOHN DOE, (OFFICER COLBERT), <br> OFFICE OF THE ATTORNEY GENERAL <br> FOR THE STATE OF TEXAS | § <br> § Civil Action No. 4:16-CV-607 <br> § (Judge Mazzant/Judge Nowak) <br> § <br> § <br> § <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's "Motion to Disqualify Judge Amos Mazzant from Preside [sic] over District Court Cause by Terms of 28 U.S.C. 455" (Dkt. #147) and amended "Motion to Disqualify Judge Amos Mazzant from Preside [sic] over District Court Cause by Terms of 28 U.S.C. 455" (Dkt. #150) (collectively, "Motions to Recuse"). Having considered the relevant pleadings, the Court finds Plaintiff's Motions to Recuse should be denied.

## RELEVANT BACKGROUND

Plaintiff filed a Motion to Recuse on May 9, 2018, seeking to recuse the undersigned under 28 U.S.C. § 455 (Dkt. #147). On May 30, 2018, Plaintiff filed an amended Motion to Recuse (Dkt. #150), which is virtually identical to Plaintiff's May 9 Motion to Recuse.[1] *Pro se* Plaintiff cites as the basis for recusal, the undersigned's "former employment with the Law Office of Wolfe, Tidwell, and McCoy," which "represented Defendants [who have been dismissed by the undersigned] during course of this district court cause" (Dkts. #147 at pp. 1–2, #150 at pp. 1–2), and the undersigned's status as "a longtime figure upon the Sherman, Texas and Grayson County,

---

[1] In Plaintiff's amended Motion to Recuse, Plaintiff fills in intentionally placed blank spaces in his original Motion to Recuse with pertinent dates and party names (Dkt. #150).

Texas legal scenes," which has allegedly led to "personal relationships with any defendants" (Dkts. #147 at p. 2, #150 at p. 2). Plaintiff contends that as a result:

> Judge Mazzant and. . . the Law Office of Wolfe, Tidwell, and McCoy, through their acts and omissions, have imposed a horrid look of rural demagoguery at play amid this district court cause. Amid Plaintiff in allege that all of Judge Mazzant's findings and rulings amid this cause should be impugned on grounds of his relationship with the Law Office of Wolfe, Tidwell, and McCoy. . . .

(Dkts. #147 at p. 3, #150 at p. 3).

## LEGAL STANDARD

Under § 455, Plaintiff, as the party moving to recuse, bears "a heavy burden of proof" in showing the Court should recuse. *E.g.*, *United States v. Reggie*, No. 13-111-SDD-SCR, 2014 WL 1664256, at *2 (M.D. La. Apr. 25, 2014). "Under 28 U.S.C. § 455 (2000), a party may request the recusal of a judge not only if 'he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding,' [28 U.S.C. § 455(b)(1)], but also when 'his impartiality might reasonably be questioned,' [28 U.S.C. § 455(a)]". *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003). "These provisions afford separate, though overlapping, grounds for recusal. Subsection (b)(1) pertains to specific instances of conflicts of interest, while subsection (a) deals with the appearance of partiality generally." *Id*.

The decision whether to recuse under § 455 is committed to the sound discretion of the Court asked to recuse. *See, e.g.*, *Garcia v. City of Laredo*, 702 F.3d 788, 793-94 (5th Cir. 2012); *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (quoting *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982)). The United States Supreme Court has made clear "[t]he recusal inquiry must be made from the perspective of a *reasonable* observer who is *informed of all the surrounding facts* and circumstances." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 924 (2004) (emphases added); *see also United States v. Morrison*, 833 F.3d 491,

506 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1098 (2017). The Fifth Circuit has interpreted this mandate to mean that "[courts] ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person," while remaining "mindful that an observer of our judicial system is less likely to credit judges' impartiality than the judiciary" would be. *United States v. Jordan*, 49 F.3d 152, 156-57 (5th Cir. 1995). Indeed, the statute exists to mandate recusal in cases where it truly appears (or is the case that) the presiding judge cannot consider the case impartially—not where a litigant's speculation based on incomplete information implies concealment and impropriety. *See* H.R. REP. NO. 93-1453, at 6355 (1974).

## ANALYSIS

In the instant case, and as noted *supra*, Plaintiff primarily argues recusal is appropriate under § 455 because almost fourteen years ago the undersigned worked for a brief time at Wolfe, Tidwell, and McCoy, which represented Defendants Grayson County, Texas, Texas Justice of the Peace Court 1, Judge Larry Atherton, Grayson County District Attorney Office, Joe Brown, Brett Smity, Keith Gary, Mike Reeves, and 15th Judicial District Court of Grayson County, Texas in this matter. Plaintiff's argument wholly lacks merit under both Section 455(a) and (b).

"Section 455(a) provides that '[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.'" *Certain Underwriters at Lloyds, London v. Oryx Energy Co.*, 944 F. Supp. 566, 567 (S.D. Tex. 1996) (quoting 28 U.S.C. § 455(a)). "The standard for determining impartiality depends on the source of the judge's alleged prejudice." *Id*. "If the alleged partiality stems from a source other than a judicial proceeding, a judge must recuse himself if a reasonable person, knowing all of the

facts, *would* harbor doubts concerning the judge's impartiality." *Id*. (citing *Liljeberg,* 486 U.S. at 860–61 (1988); *United States v. Jordan,* 49 F.3d 152, 155 (5th Cir. 1995)) (emphasis in original). No doubt could be harbored here regarding the undersigned's impartiality. The undersigned ceased employment with Wolfe, Tidwell, and McCoy almost fourteen years ago. Moreover, Plaintiff does not allege the undersigned has any personal knowledge from his employment of the facts involved in his case; in fact, Plaintiff's pleadings demonstrate that the facts giving rise to Plaintiff's claims arose in August 2014, long after the undersigned's tenure at Wolfe, Tidwell, and McCoy. Plaintiff's conclusory allegations related to the undersigned's former employment (from over a decade prior to the filing of the instant lawsuit and the case's underlying facts) with Wolfe, Tidwell, and McCoy are insufficient to establish a reasonable person would harbor legitimate doubt as to his impartiality, requiring the undersigned's recusal under § 455(a). *See Oryx Energy Co.*, 944 F. Supp.at 567–68 (S.D. Tex. 1996) (the court's distant, former partnership with opposing counsel was insufficient to establish impartiality under § 455(a)); *Credit Union Liquidity Servs., LLC v. Castleman*, No. 3:10-CV-448-L, 2010 WL 3958425, at *1 (N.D. Tex. Oct. 7, 2010) (same).

Plaintiff's allegations are also insufficient under 455(b). *See McClelland v. Gronwaldt*, 942 F. Supp. 297, 303 (E.D. Tex. 1996). Under § 455(b)(1), a judge shall "disqualify himself. . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). "Subsection (b)(1) has been narrowly interpreted to require that the bias or prejudice be directed at a party itself rather than its attorneys." *McClelland*, 942 F. Supp. at 303 (citing *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.,* 38 F.3d 1404, 1412 (5th Cir. 1994); *Henderson v. Department of Public Safety and Corrections,* 901 F.2d 1296 (5th Cir. 1990)). Indeed, "[p]artiality for or against an attorney,

4

who is not a party, is not enough to require disqualification unless it can be shown that such a controversy would demonstrate bias for or against the party itself." *Travelers Ins. Co.,* 38 F.3d at 1412. Plaintiff's bare allegations fail to demonstrate how the undersigned's former affiliation (again, almost fourteen years ago) with the law firm of Wolfe, Tidwell, and McCoy evidences a bias against Plaintiff or for any Defendants in this action.

Under 28 U.S.C. § 455(b)(2) a judge shall also disqualify himself:

> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it.

"Whether [Plaintiff's] allegations, if true, would require disqualification under this subsection depends upon whether [Wolfe, Tidwell, and McCoy] represented a party to this action concerning the same 'matter in controversy' while [the undersigned] was [employed by Wolfe, Tidwell, and McCoy]." *See McClelland*, 942 F. Supp. at 303. In the instant case, Plaintiff has failed to allege, much less provide any factual support, that Wolfe, Tidwell, and McCoy represented a party to this action concerning the same "matter in controversy" while the undersigned was in their employ. *See id*; *see also Barnes v. BTN, Inc.*, 555 F. App'x 281, 286 (5th Cir. 2014), *as revised* (Feb. 10, 2014) ("even if this allegation were true, prior employment at a law firm representing a litigant before the court does not create a per se requirement of recusal and evidence of bias must be presented").

Finally, as the Court has noted multiple times previously in this case, Plaintiff's unfounded contention that the undersigned knows and has personal relationships with any of the defendants of this cause or the community at large, even if true, without more, is insufficient for recusal. *Henderson,* 901 F.2d at 1295–96 (allegation that "the judge presiding over this case. . . has known the opposing counsel since he was a kid and that the judge presiding over this case was friends of

opposing counsel and opposing counsel's father" was not well founded in fact or in law); *Parrish v. Board of Comm'rs of Ala. State Bar,* 524 F.2d 98 (5th Cir. 1975) (en banc) (fact that judge had acquaintanceship or friendship with some defendants, witnesses, and defense counsel did not require recusal), *cert. denied,* 425 U.S. 944 (1976). The Court finds absolutely no basis for recusal in this matter.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's "Motion to Disqualify Judge Amos Mazzant from Preside [sic] over District Court Cause by Terms of 28 U.S.C. 455" (Dkt. #147) and amended "Motion to Disqualify Judge Amos Mazzant from Preside [sic] over District Court Cause by Terms of 28 U.S.C. 455" (Dkt. #150) are hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 12th day of June, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE